IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BAKHEIT A. SHATA, | ) | 8:08CV0074 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| U.S. CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on February 14, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 4.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on February 14, 2008 against one Defendant, the U.S. Citizenship and Immigration Service. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that on December 9, 2003, he filed a "petition for permanent resident status" (the "Application[1]"). (*Id.* at CM/ECF p. 2.) Although Plaintiff "has been advised that all security checks have been completed," he has not yet received a certificate of permanent resident status. (*Id.*) Plaintiff alleges that his family is "experiencing a state of emergency" and that he cannot help them without the approval of his Application. (*Id.*)

---

[1]The documents attached to the Complaint indicate that the official title of Plaintiff's application is an I-485, "Application to Adjust to Permanent Resident Status." (Filing No. 1 at CM/ECF p. 7).

Plaintiff requests that the court "direct the Defendant to complete its processing of Plaintiff's petition for permanent resident status." (*Id.* at CM/ECF p. 5.) Plaintiff also seeks an order from the court requiring Defendant to approve the Application and grant him permanent residency status. (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

## III.     DISCUSSION OF CLAIMS

Plaintiff requests that this court intervene and require Defendant to "complete its processing" of Plaintiff's Application and "issue permanent resident status" to Plaintiff.  Liberally construed, Plaintiff brings his claims pursuant to 28 U.S.C. § 1361, which permits the court to issue a writ of mandamus requiring Defendant to perform its statutory duty to process Plaintiff's Application.  *See* 8 C.F.R. § 245.2(a)(5).  However, Congress has expressly declared that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion . . . ."  8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, while the decision of whether to adjust the status of an applicant is discretionary, this court has previously determined that Defendant has a mandatory duty to timely process applications for permanent residency status.  *See Ansari et al v. United States Citizenship and Immigration Servs., et al.*, No. 8:07CV160, 2007 WL 4553920 (D. Neb. Dec. 18, 2007); *Al Kurdy v. United States Citizenship and Immigration Servs., et al.*, No. 8:07CV225, 2008 WL 151277 (D. Neb. Jan. 10, 2008).[2]

Plaintiff's Application has been pending since December 9, 2003.  (Filing No. 1 at CM/ECF p. 7.)  Plaintiff has alleged that all background information is complete. As set forth above, the court has subject matter jurisdiction to consider Plaintiff's request that Defendant complete the processing of Plaintiff's Application.  However, the court lacks subject matter jurisdiction to require Defendant to "issue permanent resident status to Plaintiff."  That decision is purely within Defendant's discretion. The court will allow service to proceed against Defendant only as to the question regarding whether Defendant must complete the processing of Plaintiff's Application.

---

[2]The court recognizes that there are differing opinions within this District (and others) regarding whether subject matter jurisdiction exists.  *See Yang v. Gonzalez*, No. 4:06CV3290, 2007 WL 1847302 (D. Neb. June 25, 2007) (Kopf, J.) (dismissing similar case for lack of subject matter jurisdiction).

IT IS THEREFORE ORDERED that:

1.  Plaintiff's claims against Defendant requesting that Plaintiff be granted permanent resident status are dismissed for lack of subject matter jurisdiction.

2.  Plaintiff's claims against Defendant requesting that Plaintiff's Application be processed may proceed and service is now warranted as to those claims only.

3.  To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

4.  Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

5.  Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this

matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "September 22, 2008: Check for completion of service of summons."

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

May 21, 2008.                    BY THE COURT:


                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge